NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3137

RAYMOND STEWART,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Raymond Stewart, of Ocean Springs, Mississippi, pro se.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Assistant Attorney General; Jeanne E. Davidson, Director; and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3137

RAYMOND STEWART,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Petition for review of the Merit Systems Protection Board in DE0752070282-I-1.

_____

DECIDED: June 4, 2008

_____

Before BRYSON and PROST, <u>Circuit Judges</u>, and ZAGEL, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Raymond Stewart petitions for review of a decision of the Merit Systems Protection Board affirming a 30-day suspension imposed by his employer, the United States Marshal's Service. We <u>affirm</u>.

_____

[*] Honorable James B. Zagel, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

BACKGROUND

Mr. Stewart was a Deputy United States Marshal serving as the Fugitive Task Force Coordinator for the District of Kansas during the period in which the events at issue took place. On February 12, 2006, a convicted murderer escaped from the Lansing Correctional Facility in Lansing, Kansas. Mr. Stewart contacted Kansas state officials to offer assistance with the investigation. The state officials provided Mr. Stewart with a store receipt that contained the phone numbers of prepaid cell phones that the fugitive had purchased. To track the fugitive, Mr. Stewart contacted the Department's Electronic Surveillance Unit ("ESU") in St. Louis, Missouri, and provided Warren Brock, an ESU Senior Investigator, with the cell phone numbers. Mr. Brock informed Mr. Stewart that one of the fugitive's cell phones had "hit" a cellular tower in Alpine, Tennessee, indicating that the fugitive was likely within a 40 square-mile area around Alpine. According to Mr. Stewart, Mr. Brock then asked him not to disseminate the cell phone numbers.

On February 22, 2006, Mr. Stewart spoke with Deputy United States Marshal Jeffrey Dill from the U.S. Marshal Service office in the Middle District of Tennessee. Mr. Stewart informed Mr. Dill that ESU was tracking a fugitive and asked whether the Tennessee office would be able to provide assistance over the weekend if needed. Mr. Dill asked for more information, but Mr. Stewart declined to provide the information he had about the fugitive's location, instead stating, "At ESU's request, I don't feel comfortable giving out that information." After the conversation, Mr. Dill informed his supervisor, Denny King, about Mr. Stewart's unwillingness to disclose what he knew about the fugitive's location. Mr. King, the U.S. Marshal for the Middle District of

Tennessee, called Mr. Stewart's second-line supervisor, Chief Deputy U.S Marshal Daryl Ingermanson, and informed Mr. Ingermanson about Mr. Stewart's refusal to provide information concerning the fugitive's location. Mr. Ingermanson then instructed Mr. Stewart to provide Michael Fielder, a Supervisory Deputy U.S. Marshal at the Tennessee office, with all the information he had in reference to the case, although Mr. Stewart disputes that he was told to disclose "all the information he had."

Mr. Stewart called Mr. Fielder, but when Mr. Fielder asked about the fugitive's location, Mr. Stewart again responded that he could not disclose that information "at ESU's request." As a result, Mr. King, along with other officials from the Tennessee office, again contacted Mr. Ingermanson to complain about Mr. Stewart's refusal to provide information about the fugitive's location. Mr. Ingermanson then had several conversations with Mr. Stewart about his call to Mr. Fielder. According to Mr. Ingermanson, during those conversations Mr. Stewart stated that ESU had advised him not to disclose any information. To verify Mr. Stewart's claim, Mr. Ingermanson called Mr. Brock at ESU, who stated that he never instructed Mr. Stewart to withhold any information. After speaking with Mr. Brock, Mr. Ingermanson again contacted Mr. Stewart. According to Mr. Ingermanson, Mr. Stewart would not acknowledge that Mr. Brock never instructed him to withhold information about the fugitive's location.

Shortly after the fugitive was apprehended, the agency began an investigation into Mr. Stewart's actions. Following the investigation, the agency proposed to suspend Mr. Stewart for 45 days based on three charges: lack of candor, failure to follow instructions, and disrespectful conduct. The deciding official sustained the three

charges but sustained the lack of candor charge on only two of the four factual specifications. The deciding official also reduced the penalty to a 30-day suspension.

Mr. Stewart appealed the suspension to the Merit Systems Protection Board. The administrative judge assigned to the case found that agency had not met its burden with respect to the disrespectful conduct charge, but nevertheless affirmed the 30-day suspension based on the charges of lack of candor and failure to follow instructions.

DISCUSSION

On appeal, Mr. Stewart first challenges the sufficiency of the evidence supporting the lack of candor charge. The administrative judge sustained that charge on two factual specifications. Specification A stated that Mr. Stewart "exhibited a lack of candor when [he] told CDUSM Ingermanson that [he was] told by Inspector Brock not to reveal the location and telephone number where the fugitive was located." The administrative judge found that Mr. Brock had not asked Mr. Stewart to withhold information concerning the fugitive's location, and that Mr. Stewart therefore showed lack of candor when he told Mr. Ingermanson that ESU had advised him not to divulge that information. Although the administrative judge found that Mr. Brock had asked Mr. Stewart not to reveal the fugitive's telephone number, the administrative judge ruled that the agency had proved the "essence of its charge." Mr. Stewart argues that the administrative judge erred because the record shows that Mr. Stewart never said to Mr. Ingermanson that Mr. Brock told him to withhold information, but rather he only stated that he withheld information "at ESU's request." Even so, that difference does not demonstrate that the administrative judge lacked an evidentiary basis to sustain the charge based on Mr. Stewart's failure to be forthcoming in his conversation with Mr.

Ingermanson. See Aiu v. Dep't of Justice, 70 M.S.P.R. 509, 519 (1996) ("The information provided by the agency must be sufficiently specific to permit the employee to properly respond to the agency's charge. . . . Therefore, the Board will not technically construe the wording or specifications of a charge.").

In any event, the administrative judge also sustained the charge based on a second factual specification. Specification B stated that Mr. Stewart lacked candor when he told Mr. Fielder that ESU had instructed him not to give out information about the fugitive's location. The administrative judge found that it was undisputed that Mr. Stewart's statement to Mr. Fielder was not entirely true and forthcoming. Mr. Stewart, however, asserts that he made that representation to Mr. Fielder because the location information had not yet been fully developed. The administrative judge found that explanation to be credible. Under the Board's decisional law, however, the agency needed to show only that Mr. Stewart was not "fully forthcoming as to all facts and information relevant to [the] matter." Ludlum v. Dep't of Justice, 87 M.S.P.R. 56, 62 (2000). It did not need to show that Mr. Stewart had no reason at all to make the statement he made.

Mr. Stewart also challenges the sufficiency of the evidence with respect to the second charge sustained by the Board: failure to follow instructions. That charge was based on Mr. Stewart's failure to provide Mr. Fielder with information regarding the fugitive's location after Mr. Ingermanson instructed Mr. Stewart to provide Mr. Fielder with all the information he had. The administrative judge sustained that charge after crediting Mr. Ingermanson's testimony about his instructions to Mr. Stewart. Mr. Stewart challenges the administrative judge's credibility determination, arguing that Mr.

Ingermanson told him to call Mr. Fielder but did not direct him to disclose all the information he had. Credibility determinations, however, are virtually unreviewable. See Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). Here, the administrative judge explained that it would be inherently improbable for Mr. Ingermanson to instruct Mr. Stewart to call Mr. Fielder without directing Mr. Stewart to provide information about the fugitive's location, because Mr. Ingermanson had just received a call from the Tennessee office complaining about Mr. Stewart's refusal to provide that information. We therefore affirm the finding that the agency proved its second charge against Mr. Stewart.

Mr. Stewart also raises an affirmative defense of harmful error under 5 U.S.C. § 7701(c)(2)(A), alleging that the investigation into his conduct was negligently performed. Mr. Stewart did not raise that argument before the Board, however, and he has therefore waived it, for arguments not made before the Board may not be made for the first time in this court. See White v. Dep't of Justice, 328 F.3d 1361, 1372 (Fed. Cir. 2003); Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998). In any event, we find his argument unconvincing. Mr. Stewart argues that the investigator conducted the investigation negligently because he asked Mr. Brock only one question about his initial conversation with Mr. Stewart. Mr. Brock stated to the investigator that he did not ask Mr. Stewart to withhold information about the fugitive's cell phone numbers or location. Even so, Mr. Stewart's argument does not demonstrate any procedural error. The administrative judge found that Mr. Brock requested that the fugitive's cell phone numbers not be disclosed, and Mr. Stewart does not dispute that Mr. Brock did not ask him to withhold information about the fugitive's location.

Additionally, Mr. Stewart argues that the administrative judge erroneously denied his request to call two witnesses to testify. The first was the official who conducted the investigation into Mr. Stewart's conduct. The administrative judge, however, did not rely on the investigation report in sustaining the charges, and Mr. Stewart does not contend that the investigating official's testimony would have affected any of the administrative judge's factual conclusions. The second witness was another Deputy U.S. Marshal, who Mr. Stewart contends would have testified that the investigation into Mr. Stewart's conduct was the result of a dispute between Mr. Stewart and Mr. Ingermanson. The administrative judge, however, concluded that, even if Mr. Ingermanson initiated the investigation out of personal animus towards Mr. Stewart, there was no evidence of personal animus on behalf of the deciding official or the disciplinary panel that proposed the suspension. For that reason, evidence of an argument between Mr. Stewart and Ingermanson would not have affected the administrative judge's decision in the case. We therefore find that the administrative judge did not abuse her discretion by declining to hear the testimony of those two individuals.

Mr. Stewart next argues that the charges do not have a sufficient nexus with the efficiency of the service, as required by 5 U.S.C. § 7513(a). That argument is without merit. The alleged conduct occurred while Mr. Stewart was on duty, and candor and a willingness to follow supervisory instructions are qualities expected of any employee, particularly a law enforcement officer.

Finally, Mr. Stewart argues that his suspension was an unreasonable penalty. The deciding official considered each of the Douglas factors and, after doing so, reduced the penalty to a 30-day suspension. Although the administrative judge did not

sustain the agency's third charge—disrespectful conduct—the deciding official testified that he did not consider that charge when he imposed the 30-day suspension. We find no error in the administrative judge's determination that the penalty was reasonable for the sustained charges.